UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RICHARD JEANNIN,

        Petitioner,

v.                          Case No. 3:15-cv-551-J-39JBT

SECRETARY, DOC, et al.,

        Respondents.

## ORDER

Petitioner challenges a 1992 (Clay County) conviction for two counts of sexual battery (counts I and III), and one count of lewd or lascivious act in the presence of a child (count II) in his Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) at 1.[1] He filed the Petition on April 28, 2015, pursuant to the mailbox rule.[2]

---

[1] Petitioner is no longer in custody on count II, as that sentence expired long before the filing of the Petition on April 28, 2015. Response at 16-17. See 28 U.S.C. § 2241(c)(3) & § 2254(a) (requiring that persons seeking habeas relief must be in custody in violation of the Constitution or laws or treaties of the United States). Petitioner, however, remains in custody on counts I and III, for which he received life sentences.

[2] The Petition was filed with the Clerk on May 1, 2015; however, giving Petitioner the benefit of the mailbox rule, this Court finds that the Petition was filed on the date Petitioner provided his Petition to prison authorities for mailing to this Court (April 28, 2015). See Houston v. Lack, 487 U.S. 266, 276 (1988); Rule 3(d), Rules Governing Section 2254 Cases in the United States District Courts. The Court will also give Petitioner the benefit of the mailbox rule with respect to his inmate pro se state court filings when calculating the one-year limitation period under 28 U.S.C. § 2244(d).

Petitioner raises one ground seeking habeas relief. He claims he was denied due process when incompetent witnesses were allowed to testify at trial. Id. at 4.

Respondents filed a Motion to Dismiss Petition for Writ of Habeas Corpus (Response) (Doc. 12), and they calculate that the Petition is untimely filed. In support of the Response, they submitted Exhibits to Motion to Dismiss Petition for Writ of Habeas Corpus (Doc. 12).[3] Petitioner filed a Reply (Reply) (Doc. 20). See Order (Doc. 5).

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), there is a one-year period of limitation:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant

---

[3] The Court hereinafter refers to the exhibits contained in Document 12 as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced. The Court will reference the page numbers assigned by the electronic docketing system where applicable.

> was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

To adequately address Respondents' contention that Petitioner has failed to comply with the one-year limitation period, the Court will provide a brief procedural history. The record shows the following. Petitioner was charged by an amended information. Ex. 1 at 48-49. A jury returned a verdict of guilty as charged. Ex. 3. On July 20, 1992, the trial court sentenced Petitioner to concurrent terms of life in prison with a minimum mandatory term of twenty-five years on counts I and III, and a concurrent term of four years on count II. Ex. 5. Petitioner appealed. Ex. 6. On February 17, 1994, the First District Court of Appeal (1st DCA) affirmed per curiam. Ex. 9. The mandate issued on March 7, 1994.

Id. The 1st DCA denied a March 11, 1994 motion for rehearing on April 4, 1994. Ex. 10. The conviction became final on July 3, 1994 (90 days after April 4, 1994, the date of the denial of rehearing on direct appeal) ("According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").

Thus, Petitioner's convictions became final prior to April 24, 1996, AEDPA's effective date; therefore, he had one year, up until April 24, 1997, to file a timely federal petition for writ of habeas corpus, unless the limitation period was tolled. Wilcox v. Fla. Dep't of Corr., 158 F.3d 1209, 1211 (11th Cir. 1998) (per curiam) (one-year from date of enactment is adopted for convictions that became final prior to the effective date of AEDPA); see Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085 (2000).

Upon review, Petitioner filed his first Rule 3.850 post conviction motion on August 4, 1995. Ex. 11. The circuit court denied the Rule 3.850 motion in an order filed on February 1, 1996. Ex. 12. The one-year limitation period was tolled until September 4, 1996, when the mandate issued. Ex. 13. The limitation period began to run on September 5, 1996, and ran for a period of 105 days, until Petitioner filed a petition for writ of habeas corpus

in the 1st DCA on December 19, 1996.  Ex. 14.  The 1st DCA denied the petition on January 7, 1997.[4]  Ex. 15.  The limitation period remained tolled until January 22, 1997, when the fifteen-day period in which to seek rehearing pursuant to Rule 9.330, Fla. R. App. P, expired.  Thus, the limitation period began to run again on January 23, 1997.

For Petitioner, the limitation period expired 260 days later, on Friday, October 10, 1997.  He did not file his second Rule 3.850 motion in the state circuit court until August 4, 1998.  Ex. 27.  This motion, and any subsequent motions/petitions filed by Petitioner did not toll the federal one-year limitation period because it had already expired on October 10, 1997. See Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (per curiam) ("Under § 2244(d)(2), even 'properly filed' state-court petitions must be 'pending' in order to toll the limitations period.  A state-court petition like [Petitioner]'s that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."), cert. denied, 531 U.S. 991 (2000).

---

[4] Although Petitioner filed a Notice of Appeal dated January 14, 1997 to the Florida Supreme Court, Ex. 16, it was construed to be a petition for discretionary review and dismissed on January 30, 1997, for want of jurisdiction.  Id.  As such, it was not properly filed and did not serve to toll the AEDPA one-year limitation period.  Artuz v. Bennett, 531 U.S. 4, 8 (2000) (addressing the meaning of "properly filed").  Even assuming this appeal tolled the one-year limitation period, the Petition is still untimely filed.

Based on all of the foregoing, the Petition, filed on April 28, 2015, is untimely. Petitioner, in his Petition, apparently concedes this point as he states under "Timeliness of Petition" that "[t]his is a claim of Actual Innocence." Petition at 8.

Petitioner, in his Reply, states that he is actually innocent because he was convicted without any legally qualified evidence, "as all alleged child victim[s'] statements are not evidence[.]" Reply at 4. Liberally construing Petitioner's pro se Petition and Reply, he is apparently claiming that this Court's failure to address the merits of the Petition would result in a fundamental miscarriage of justice.

To invoke the fundamental miscarriage of justice exception to AEDPA's statute of limitations, a habeas petitioner must make a credible showing of actual innocence with new evidence that was not available at the time of his trial. See McQuiggin v. Perkins, 133 S.Ct. 1924, 1931-32 (2013). To do so, "a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" Id. at 1935 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1985)). This Court summarized the requirements to show gateway innocence:

> "An actual-innocence claim must be supported 'with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" Milton v. Sec'y, Dep't of Corr., 347 Fed. Appx. 528, 530-31 (11th Cir. 2009) (quoting Schlup, 513 U.S. at 324, 115 S.Ct. 851). A "habeas court must consider all the

> evidence, old and new, incriminating and exculpatory, without regard to whether it would necessarily be admitted under rules of admissibility that would govern at trial." House, 547 U.S. at 538, 126 S.Ct. 2064. A court may also consider "how the timing of the submission and the likely credibility of the affiants bear on the probable reliability of that evidence." Id. at 537, 126 S.Ct. 2064 (quotation omitted).

Letemps v. Sec'y, Fla. Dep't of Corr., 114 F.Supp.3d 1216, 1221 (M.D. Fla. 2015).

Petitioner, however, points to no new evidence. Pursuant to Schlup and its progeny, Petitioner is required to offer new reliable evidence that was not available at the time of his trial. Petitioner has not presented any new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.

In conclusion, Petitioner does not assert or demonstrate that he has new evidence establishing actual innocence. Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, this case will be dismissed with prejudice as untimely.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1.  The Petition (Doc. 1) is **DISMISSED with prejudice.**

2.  The **Clerk** shall enter judgment dismissing the Petition with prejudice and dismissing this case with prejudice.

3. If Petitioner appeals the dismissal of the Petition, the Court denies a certificate of appealability.[5] Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

4. The **Clerk** shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida this 24th day of October, 2017.

/s/ Brian J. Davis
BRIAN J. DAVIS
United States District Judge

sa 10/19
c:
Richard Jeannin
Counsel of Record

---

[5] If Petitioner appeals the dismissal of the Petition, the undersigned opines that a certificate of appealability is not warranted. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after due consideration, this Court will deny a certificate of appealability.